## Colony Coal & Coke Corportion et al. v. Combs.

(Decided December 11, 1931.)

JESSE MORGAN for appellants.

C. W. NAPIER and M. K. EBLEN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The Defiance Coal Mining Company was the lessee under the Virginia Iron, Coal & Coke Company of a tract

of land in Perry county containing about 500 acres in which the right to mine coal from the land was granted to it for a period of 25 years from and after November 1, 1920. After the execution of that lease, the lessor therein, Virginia Iron, Coal & Coke Company, conveyed all of its holdings in Perry county, including the lease mentioned, to the appellant and one of the defendants below, Colony Coal & Coke Corporation. At that time the defendant and one of the appellants, Defiance Coal Mining Company, was operating under its lease and continued to do so until some time in 1929, when it became insolvent and bankrupt. Before it suspended business it crossed the boundaries of its lease and mined coal from adjoining land belonging to the appellee and plaintiff below, McKinley Combs, to the extent of 1.1 acres, but in doing so, as alleged in the petition, it destroyed the coal on as much as 3.1 acres. There is some dispute in the testimony as to the correct date of such trespass, but the only bearing it has on the case is as to the time when the trespassing lessee and its lessor became aware that the trespass had been committed.

Plaintiff, more than a year after he claims to have discovered the trespass, filed this action in the Perry circuit court against the lessor, Colony Coal & Coke Corporation, and its lessee, Defiance Coal Mining Company, and the general manager of the latter, alleging the facts as above outlined, and charging that the coal from under his land was taken by the lessee intentionally and with the knowledge that the boundaries of the lease had been crossed, and that the coal so taken was not embraced therein, and that such knowledge was also possessed by the other two defendants, and judgment was prayed against them for the value of the coal so taken as measured by its market value at the mouth of the mine, and not by its royalty value if the trespasses were innocently committed, and which are the well-settled rules in this jurisdiction for the measurement of the recovery in such character of wrongs. As based upon his claim of willful and intentional trespass, he fixed his damages at $52,-312.50.

The answers admitted the trespass, but denied the amount of coal taken from plaintiff's land by reason thereof, and averred that the boundaries of the lease were crossed by the lessee innocently and through a mistake, and that at most plaintiff was entitled to recover

only the royalty value of the coal so taken, which, as alleged, was 10 cents per ton. It was also pleaded, in defense, that, after the trespass was discovered, and as a result of negotiations of settlement, plaintiff addressed to the lessee, Defiance Coal Mining Company, at its principal office in Lexington, Ky., this proposition in writing:

"Dear Sirs: Subject to your acceptance in writing on or before May 1st, 1928, we hereby offer to lease to you the No. 7 coal on the South side of Acup Creek, on Tract No. 8, division of Remine Combs estate in the case of R. L. Thomas, etc., vs. Mary Combs, etc. Said lease is to be at the rate of ten cents per ton of 2,000 pounds, and the lease in all respect is to be on the same terms as the lease from Colony Coal & Coke Corporation to Defiance Coal Mining Company, except as to minimum royalty. If you accept this offer to lease you must agree to mine the No. 7 coal on said boundary within two years from date of acceptance. Any coal that may have already been mined from this tract is to be measured up and paid for within 60 days from date of acceptance of this lease contract. If you desire to accept this offer of lease, written notice of acceptance mailed to McKinley C. Combs, Vicco, Kentucky, by registered mail, shall be deemed sufficient."

It was signed by him and his wife, and witnessed by the signatures of two attesting witnesses; that within seven days thereafter and on April 20, 1928, the lessee to whom that communication was sent accepted its terms in writing and according to its stipulation, and mailed its acceptance to plaintiff, and which was and is in these words:

"Dear Sir: This will advise you that we will accept the proposition from you and Margaret Combs made to us on April 13th, to lease us No. 7 coal on South of Acup Creek on Tract No. 8 Division. Yours very truly. Defiance Coal Mining Company."

In July following, a written lease to the Defiance Coal Mining Company in conformity with such accepted proposition was prepared and submitted to plaintiff for execution, which he declined to do, and all of which negotiations and transactions were relied on as a compromise and settlement of the matters complained of in the

petition. Following pleadings made the issues and upon trial before a jury, it returned a verdict against defendants in favor of plaintiff in the sum of $5,000, on which judgment was rendered, and, defendants' motion for a new trial having been overruled, they prosecute this appeal, urging by their counsel a number of alleged errors, but we deem it necessary to consider only those hereinafter discussed.

In his reply plaintiff denied executing the written proposition to defendant Defiance Coal Mining Company, hereinbefore inserted, but in giving his evidence at the trial he admitted he did so, but denied having received the acceptance executed by that company and which it says it mailed to him in conformity with his written proposition, and for which reason he declined to execute the drafted lease which had been prepared in accordance with the proposition, if it had been accepted according to its terms.

The evidence strongly points to the conclusion that plaintiff did receive the acceptance of his proposition from the Defiance Coal Mining Company, since a carbon copy of it was produced at the trial by the local manager of that company; but he was not the one who prepared and mailed it. Those acts were done in the general office of the Defiance Coal Mining Company at Lexington and from which the local manager of that company, who testified in the case, obtained the carbon copy that he produced while on the stand. But for some reason, not explained in the record, no witness from the general office of the lessee defendant in Lexington, and who possessed knowledge with reference to that matter, was introduced at the trial, and for which reason the acceptance of plaintiff's compromise proposition, according to its terms, was not established. If it had been proven that the acceptance was executed and mailed to plaintiff from the general office at Lexington, it seems to be conceded by his counsel that there would exist no grounds to maintain this action, since in that event the cause of action, if any, would have to be based upon a claim for unpaid royalties accruing from the compromise settlement. We do not conclude that it was essential to the effectiveness of the compromise agreement, as contained in plaintiff's written proposition, that a formally executed lease should follow it, since there is no provision to that effect in the proposition made by plaintiff. However, such a course is in con-

formity with the general method of completing such transactions, and for that reason, no doubt, the subsequently prepared written lease was drafted. Defendants proved by one of the managers of one of the corporate defendants that plaintiff admitted to him the receipt of the acceptance of his compromise proposition, but at the trial plaintiff denied any such admission on his part. If the compromise and settlement proposition had been proved, as above indicated, it would have been a complete defense for each and all of the defendants; but the indicated failure in the testimony prevented it from having that effect, and the court did not err in refusing the peremptory instruction offered by defendants based upon that defense and properly submitted the issue to the jury.

Upon the issue as to the trespass being willful and whether or not either of the defendants knew that the boundaries of the lease had been passed, and that the coal was being taken from the plaintiff's land, the evidence is not entirely in accord. Its preponderance is to the effect that the trespass was innocent and unintentional and that as soon as it was discovered negotiations began for a settlement thereof culminating in the one hereinbefore outlined. But plaintiff and some of his witnesses testified that the discovery of the trespass was made by defendants one year earlier than they claimed, i. e., in April, 1927, instead of the same month in 1928, as defendants contend. If, however, the matter was later compromised and settled the difference in the dates contended for would have no legal effect, since the right of action for the trespasses whensoever committed would then be merged in the compromise agreement.

The contradiction in the testimony upon the issue of knowledge that the boundary of the lease had been passed and that plaintiff's coal was being mined, as we construe the testimony, relates exclusively to such knowledge possessed by the lessee, Defiance Coal Mining Company, and its local manager, the defendant, Carrel Robinson, who were the actual trespassers, since we do not conclude that there is sufficient contradictory testimony on that issue pertaining to the knowledge of the lessor, Colony Coal & Coke Corporation. Neither did it receive any royalties from the coal taken from under plaintiff's land, which fact was uncontradictedly proven at the trial. In fact

its lessee owed it more than $10,000 for royalties at the time it became bankrupt and went out of business. In such circumstances it cannot be held liable under either of the rules, supra, for the measurement of damages growing out of such trespasses, as was expressly held by us in the case of Jim Thompson Coal Co. v. Dentzell, 216 Ky. 160, 287 S. W. 548. For that reason we conclude the court erred in overruling the motion of defendant Colony Coal & Coke Corporation for a directed verdict in its favor. But, since the proof failed to establish the due execution of the compromise settlement, the court properly overruled the same motion made by the other defendants, and submitted their liability (or attempted to do so), to respond in damages under the two rules, supra, for their measurement, accordingly as the jury found the facts.

However, the size of the verdict clearly shows that it was not measured by the royalty value of the coal taken from plaintiff's land, since no proof fixed its amount greater than about 27,000 tons, and which, at 10 cents per ton (the proven royalty value in that community), would be $2,700. That being true, it becomes necessary to examine the instruction given by the court authorizing the measure of damages, or rather submitting the measure of damages, if the trespass was committed with knowledge thereof. That instruction is No. 1, as designated by the court, and it nowhere required the jury to believe that the trespass was "knowingly" committed. It is true that the instruction submits the issue whether or not defendants willfully and intentionally mined plaintiff's coal, but which facts they did not and do not deny, since the actual trespassers intended to take out the coal they did, and they also willed to do so. But, whether they did so with the knowledge that the coal was outside the boundaries of the lease (and which was the material fact) was not submitted to the jury, and their liability under the instruction was thereby made to depend on a false and immaterial issue, and for which reason the judgment against the lessee and its manager, Carrel Robinson, was not authorized. If the evidence upon another trial is substantially the same as it was on this one, the court will sustain the motion of the defendant Colony Coal & Coke Corporation for a peremptory instruction in its favor, and will submit the case as against the other two defendants with the indicated correction of instruction No. 1.

442

Wherefore the judgment is reversed, with directions to sustain the motions for a new trial and to set it aside, and for proceedings consistent with this opinion.